Saddleback Lumber Company ⟩
vs. ⟩ No. 74687.
Albert J. Brayton ⟩

June 25, 1930.

FROST, J. Heard on motion for new trial after verdict for plaintiff in sum of $750.

This is an action of deceit and was tried, by agreement of counsel, with the case of *Albert J. Brayton* vs. *Saddleback Lumber Company*, No. 75161. In the latter case a verdict for defendant was returned.

From the evidence it appeared that the plaintiff corporation desired a boiler and engine suitable for sawing yellow birch. It was learned that the defendant had such a boiler and engine and representatives of the plaintiff saw the defendant and emphasized the fact that the logs to be sawed would be in a frozen condition. The defendant stated that his engine would do the work required and would saw 10,000 square feet per day. The boiler and engine were purchased for $1,500, one-half of that sum being paid when the boiler and engine were shipped, remainder to be paid when they were set up and operating. Shipment was made to Dallas, Maine, and there the saw mill was set up. Albert J. Blanchard, a local sawyer recommended by Mr. Brayton, was hired and he went to Maine. He very shortly reported that the engine would not do the work required of it. In his testimony he stated that the boiler generated an ample amount of steam but that much of it was lost due to the fact that the cylinder was scored. In cross-examination he said that the cylinder was so worn that the piston had too much play, the result being a loss of steam. He sawed a little fir and spruce but was unable to saw the frozen yellow birch, the logs of which were one and one-half to two and one-half feet in diameter. This condition was at once brought to the attention of the plaintiff and Mr. Brayton then

went to Dallas. Just what Mr. Bray-ton did while there is not very clear but he made some adjustment of parts of the engine and sawed a little timber but no yellow birch. After this attempt to use the engine, Mr. Brayton was told that the boiler and engine were of no use to the plaintiff and nothing further was paid on the purchase price.

The defendant offered testimony which tended to show that the engine was in good condition and the defendant himself denied that he had said that the engine would saw 10,000 feet of frozen yellow birch per day.

The Court thinks that under all the circumstances as shown by the testimony, if the defendant stated that the engine would saw a certain amount of lumber per day such a statement was a material representation. The issues were clearly for the jury and in the Court's judgment there was evidence to justify the verdict returned.

In addition to the usual grounds for a new trial, the defendant relies upon the ground of newly discovered evidence and has filed affidavits in support of that ground.

The affidavit of counsel is the usual affidavit stating that the newly discovered evidence could not have been obtained by due diligence before the day of trial.

The affidavit of one Fred Dineau states that he knew this boiler; that there was no trouble steaming it and that he had seen the engine saw logs three feet in diameter. This evidence is not important as to the boiler since it was admitted that the boiler steamed properly; as to the evidence of what the engine had done on other than frozen yellow birch it is simply cumulative.

The affidavits of John P. Steere and John P. Steere, Jr., are to the effect that while in the hayfield, in the summer of 1927, Albert J. Blanchard, plaintiff's witness at the trial, stated that he took the engine apart, that it

was the first time that he had taken a Hoadley engine apart and that he didn't know whether he got the valve back in the right place. Whatever effect this evidence might have had upon the outcome of the trial, it is too late now for the defendant to avail himself of it since John P. Steere testified for the defendant at the trial and doubtless would have testified in accordance with his affidavit afterwards taken, had the defendant desired to interrogate him with reference thereto.

*John A. Carroll* vs. *John B. Allen, Town Treas.*, 20 R. I. 541.

The affidavit of Percy K. Ellis of Rangeley, Maine, is to the effect that Blanchard said that he had done certain things to the engine, had adjusted the governor &c., and the affidavit states that after this it was common knowledge that the engine would not saw spruce.

Blanchard was upon the witness stand and was cross-examined by the defendant as to what he had done. The testimony of Ellis might to some extent tend to show that the reason for the poor results was not the condition of the engine but was Blanchard's inability to set up a Hoadley engine. There does not appear, however, any specific reason why Ellis' testimony could not have been obtained had the defendant thought it worth while to get it.

*Patrick F. Timony* vs. *James Casey*, 20 R. I. 257; *Hanna* vs. *Clarke, City Treas.*, 100 Atl. 886.

The Court does not think it would be justified in granting a new trial on the affidavits of newly-discovered evidence produced. Upon the evidence given at the trial the Court thinks the verdict of the jury does substantial justice between the parties, and defendant's motion for a new trial is therefore denied.

For plaintiff: Boss, Shepard & McMahon.

For defendant: Earl B. Arnold.